**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**MELVIN H. MILLER,**

                   **Petitioner,**

**v.**

                                            **20-CV-354-JLV**

**SUPERINTENDENT FENNESSY,**

                   **Respondent.**

---

## DECISION AND ORDER

       This case was referred to the undersigned by the Hon. Lawrence J. Vilardo, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.  Dkt. No. 13.  Petitioner Melvin H. Miller ("Petitioner"), an inmate of the New York State Department of Corrections and Community Supervision, challenges the constitutionality of his conviction after a non-jury trial in Wyoming County Court of three felonies, Burglary in the Second Degree, Driving While Intoxicated as a class D felony, and Criminal Contempt in the First Degree, as well as other misdemeanors and violations.  Dkt. No. 1; Dkt. No. 10, p. 3.  He seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## RELEVANT FACTS

       The convictions arise from a dispute between Petitioner and Jennifer Woodburn over two dogs that they purchased together while in a relationship but which remained in Woodburn's custody after their breakup.  Dkt. No. 10, p. 4.  According to the State's evidence, on August 31, 2015, after being refused access to the dogs over the phone, Petitioner became very angry and called Woodburn a "bitch" and a "cunt."  Dkt. No. 10, p. 5.  Woodburn called the police.  Dkt. No. 10, p. 5.  Petitioner arrived later at

Woodburn's house, and became "enraged" when Woodburn would not let him in.  Dkt. No. 10, p. 5.  Petitioner entered Woodburn's house through a small window near the porch, broke into a bedroom in which Woodburn had locked herself, and took one of the dogs. Dkt. No. 10, p. 5.

Petitioner led the responding officers on a high-speed car chase through Bennington, New York, driving through multiple stops signs, crossing the yellow divider line, and nearly colliding with another car and a pedestrian before striking a house with his side-view mirror.  Dkt. No. 10, p. 6.  When the police apprehended Petitioner, he appeared to them to be intoxicated.  Dkt. No. 10, p. 6.  Petitioner allegedly resisted arrest and was tased three times, all of which was recorded on video by a police body camera.  Dkt. No. 10, p. 6.  During the encounter, Petitioner stated that Woodburn had stolen his dogs and his money, and "all [he] wanted was one of them."  Dkt. No. 10, p. 6.  When the police searched Petitioner's car, they found pills, unopened containers of alcohol, and a large open cup that appeared to contain alcohol.  Dkt. No. 10, p. 6.

On August 31, the day of the incident, an order of protection was entered against Petitioner that restricted him from contacting Woodburn.  Dkt. No. 10, p. 6. Nonetheless, during October and November of that year, petitioner telephoned Woodburn fifty-two times, "occasionally asking her to recant her statements to the police and drop the charges against him."  Dkt. No. 10, pp. 6-7.

2

After his conviction, Petitioner was sentenced to a determinate prison term of seven years to be followed by five years of post-release supervision for burglary, and to lesser, concurrent prison terms for the other felony convictions.  Dkt. No. 10, p. 3.  The Appellate Division, Fourth Department, affirmed Petitioner's judgment of conviction and the New York Court of Appeals denied leave to appeal.  *People v. Miller*, 159 A.D.3d 1608 (4th Dep't) (two justices dissenting in part), *lv. den.*, 31 N.Y.3d 1151 (2018).

Petitioner now moves for appointment of counsel and for an extension of time to file his reply.  Dkt. Nos. 14 & 15.  "If an evidentiary hearing is warranted [in a habeas action], the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A."  Rules Governing § 2254 Cases, Rule 8(c).  Additionally, a court must appoint an attorney for a qualifying petitioner "[i]f necessary for effective discovery[.]"  Rules Governing § 2254 Cases, Rule 6(a).  Otherwise, appointment of counsel in a Section 2254 action may be provided when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). "In determining whether appointment of counsel is required for prisoners seeking habeas relief . . . , the court should consider the factual and legal complexities of the case, the prisoner's ability to investigate and present claims, the existence of conflicting testimony, and any other relevant factors."  *Satter v. Class*, 976 F. Supp. 879, 885 (D.S.D. 1997).

Petitioner claims that he is entitled to habeas relief because: (1) he is actually innocent of second-degree burglary and petit larceny; (2) the People knowingly introduced police body-camera video that had been tampered with; (3) the evidence was legally

3

insufficient to support petitioner's convictions of second-degree burglary and petit larceny; and (4) the People coerced the victim to testify falsely at trial.  Dkt. No. 10, p. 3. Respondent argues that the habeas petition should be denied because his actual-innocence claim is not cognizable on federal habeas corpus review, and his other claims are procedurally barred and meritless.  Dkt. No. 10, p. 3.

This Court finds that appointment of counsel is not warranted at this time. This habeas action is currently in the preliminary review stage.  Moreover, the primary challenges to the petition are strictly legal, that is, whether his actual innocence claim is cognizable and whether his other claims are procedurally barred.  Neither of these issues requires an evidentiary hearing or further discovery.  Should this Court find that it can reach the merits of Petitioner's tampering or coercion claims, and that discovery or a hearing is warranted on these matters, it will revisit Petitioner's request for assignment of counsel as required by Rule 8(c).  In the meantime,

**IT IS HEREBY ORDERED** that Petitioner's motion for appointment of counsel (Dkt. No. 14) is **DENIED**, and his requests for an extension of time to file a reply (Dkt. Nos. 15 and 17) are **GRANTED**.  Petitioner's reply, filed on December 11, 2020 (Dkt. No. 19), is deemed timely.

Nothing in this Decision and Order shall preclude Petitioner from requesting appointment of counsel at a later point in this action should additional circumstances arise to justify such an appointment.

4

The Clerk of the Court is directed to mail a copy of this Decision and Order to Petitioner.

**SO ORDERED.**

DATED:     Buffalo, New York
           December 22, 2020


                              *s/ H. Kenneth Schroeder, Jr.*
                              **H. KENNETH SCHROEDER, JR.**
                              **United States Magistrate Judge**

5